**Lois Baber WIMBERLY, By and Through Marilyn Wimberly BAUER, Kathleen Wimberly Ward and Bruce C. Wimberly, her attorney in fact under a Durable Power of Attorney, Plaintiff–Appellant,**

v.

**Patricia H. FURLOW, Defendant–Respondent.**

No. 18846.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 31, 1994.

William E. Lawrence, Schroff, Glass & Newberry, P.C., Springfield, for plaintiff-appellant.

Rana L. Faaborg, Woolsey, Fisher, Whiteaker & McDonald, Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff brought this action seeking to recover on a promissory note. Summary judgment was entered in favor of defendant. Plaintiff appeals.

On an appeal from summary judgment, this court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The party seeking summary judgment has to show a right to judgment based on undisputed facts. *Id.* at 378.

Defendant signed and delivered to plaintiff Lois Baber Wimberly a promissory note in the amount of $50,000 dated December 12, 1978. Interest was to be paid from March 31, 1978 at the rate of 7% per annum. Thereafter, the note said, "Interest shall be payable monthly beginning December 31, 1978." Principal was "due upon the death of Patricia H. Furlow." If interest is not paid when due the "entire balance" is due at the holder's option. One ten dollar payment and

credits totaling $1,167.67 were made as of December 1990.

■ By "Modification Agreement" dated March 28, 1991, the parties purported to change the obligation of defendant under the note. That agreement included the following provisions which plaintiff contends are relevant:

1. That as of January 1, 1991, the parties agree that all interest that has accumulated on the Promissory Note referred to above in the principal amount of $50,000.00 is hereby waived.

2. That from and after January 1, 1991, the rate of interest to be paid on this Note shall be 3% per annum until the date of death of Wimberly, at which time no interest shall be charged upon said Note except for the sum of $20.00 per year.

5. That said Note and Deed of Trust shall remain and continue in full force and effect upon the same terms and conditions as are therein expressed in all respects, except as herein otherwise modified.

8. The parties hereby waive any previous default in the terms of the Promissory Note and the execution of this Modification Agreement by the parties shall operate as a waiver of any right or remedy of the parties arising from any default, if any, prior to the execution of this Modification Agreement.

Plaintiff states that the modification agreement sought only to affect interest from the last anniversary date of the note previous to the modification agreement. This was because a provision in the note provided that on each anniversary date interest due but not paid became principal. Plaintiff refers to this provision in the note:

"Any interest due but not paid on each anniversary of this note shall become principal and shall bear the same rate of interest as hereinabove provided. Any such interest added to principal shall no longer be considered as delinquent interest, but shall be treated as principal."

Defendant contended and the trial court agreed that by the modification agreement all interest due on the note since its inception was "waived". The trial court determined that plaintiff would only be entitled to any unpaid interest on $50,000 from March 28, 1991.

Although plaintiff's argument seems technical, there is certain logic to it, but we seek to determine what the parties intended under the circumstances presented. "The obligation to perform under a contract is measured by the intention of the parties as gathered from the terms as a whole, and not from a solitary provision". *McKnight v. Midwest Eye Institute,* 799 S.W.2d 909, 913 (Mo.App.1990).

To determine the intent of the parties the court considers the entire contract, subsidiary agreements, the relationship of the parties, the subject matter of the contract, the circumstances surrounding its execution and the practical construction the parties themselves placed on it, as well as other external circumstances that may indicate the intent of the parties. *Royal Banks of Missouri v. Fridkin,* 819 S.W.2d 359, 362 (Mo. banc 1991).

"If there is a conflict between a technical definition within a contract, and the meaning which would reasonably be understood by the average lay person, a lay person's definition will be applied unless it plainly appears that the technical meaning is intended". *Rodriguez v. General Acc. Ins. Co.,* 808 S.W.2d 379, 382 (Mo. banc 1991). "All" interest would seem to cover everything since the beginning of the note. "All" has been said to be the most comprehensive word in the English language. *Baker v. Brown's Estate,* 365 Mo. 1159, 294 S.W.2d 22, 25 (Mo.1956).

Plaintiff contends that the modification agreement only "waived" interest from the last anniversary date of the note and that previous interest became principal. Plaintiff states that the amount of the principal at the time of the modification agreement was $110,153.91. It may be significant, however, that the modification agreement referred to the note as being "in the principal amount of $50,000.00". It did not say, as is often done, "original" before "principal". Had the modification agreement been intended to affect only the last interest due, then it appears the reference in the modification agreement should have been to the larger amount.

Whether the amounts initially due as interest are treated as principal or not, they came into being as interest. If the modification agreement intended that the only interest to be covered was that since the last anniversary date of the note it easily could have provided so. By the modification agreement referring to "all interest that has accumulated", we think a lay person and most lawyers would reasonably assume that interest from the date of inception of the note was covered and would not believe that a provision in the note converting interest to principal would limit the interest to that from the last anniversary date of the note.

"The cardinal rule in the interpretation of a contract is to determine the intention of the parties". *N.B. Harty Gen. Contr. v. West Plains Bridge & Grading Co.,* 598 S.W.2d 194, 196 (Mo.App.1980). When other means of construction fail courts apply the rule that an ambiguous contract is construed against the party who drew it. *Id.* at 197. *See also Beck v. Hoel–Steffen Const. Co.,* 605 S.W.2d 810, 813 (Mo.App.1980). The only indication in the record is that plaintiff's previous attorney drafted the modification agreement. As it appears the document may be susceptible of two meanings, the trial court's determination was consistent with construing the modification agreement against the drafting party.

The trial court properly determined that the parties' intention, under the circumstances presented, was that all interest, by whatever name it might be later known, since the inception of the note, was covered by the modification agreement.

The judgment is affirmed.

CROW and GARRISON, JJ., concur.